## Case No. 9,093.

MARKOE et ux. v. MAXCY et al.

HUGHES et ux. v. SAME.

[5 Cranch, C. C. 306.] [1]

Circuit Court, District of Columbia. March Term, 1837.

REAL PROPERTY—APPOINTMENT—TRUSTEE — SUIT TO COMPEL CONVEYANCE.

When property is conveyed in trust for the sole and separate use of the wife during the term of her life; and after the expiration of such term, for the use of such person or persons and for such purpose as she, by her last will and testament. shall appoint and direct; and in default of such appointment, to the use of her next of kin and personal representatives; a court of equity cannot authorize the trustees to convey the property to the husband, upon a bill filed by him and his wife against the trustees, for that purpose.

[Suits by Francis Markoe and wife against Virgil Maxcy and James Chester, Jr., and by George W. Hughes and wife against the same parties.]

These were bills in equity by husband and wife against trustees; stating, that before marriage, the wife conveyed certain personal property to the defendants in trust for the sole and separate use of the wife. That she is desirous to settle it all on her husband, and has requested the trustees to convey it to him accordingly, but they refuse because they have not the power, under the trust, to do so. The trustees, by their answer, admit the facts of the bill, but deny that they can, under the trust, convey the property absolutely to the husband.

The trust is, "to and for the use and benefit of the said Mary G. Maxcy, for and during the term of her natural life. And if the said Mary G. Maxcy shall, at any time hereafter, marry, then that she may have and. enjoy, and take the use and profits of the aforesaid property, for and during the term aforesaid, to her sole and separate use, and not to be subject, in any manner, to the control or debts of her husband; and from and after the expiration of the term aforesaid, then in trust to and for the use of such person and persons, and for such purpose as the said Mary G. Maxcy, by her last will and testament, or by any instrument of writing, in the nature of a last will and testament, shall appoint and direct; and in default of such appointment, then to the use of such person or persons as, at the time of the death of the said Mary G. Maxcy, may be her next of kin and personal representatives;" and in further trust that the trustees might, at her request, and in their discretion, sell the property, and re-invest the proceeds in other property, "to be held subject to the aforesaid trusts, and with the like power of disposition." with full power. at her request, "to change the nature of the trust property and securities, whenever, and as often as it shall become necessary and expedient so to do."

[1] [Reported by Hon. William Cranch, Chief Judge.]

The case was submitted to the court without argument, and, after great consideration, THE COURT (THRUSTON, Circuit Judge, absent) was of opinion that the wives had no power to convey but by last will and testament, or by an instrument in the nature of a last will and testament, as provided for in the deed of trust; and that the court could not enable them to do so.

See 2 Kent, Comm. 163, 165, 166, 170, and the cases by him cited; Lowry v. Tierman, 2 Har. & G. 34–40; Methodist Episcopal Church v. Jacques, 3 Johns. Ch. 90, 102, 103–113; Ewing v. Smith, 3 Desaus. Eq. 417. See, also, Sperling v. Rochfort, 8 Ves. 170; Chesslyn v. Smith, Id. 183; Frederick v. Hartwell, 1 Cox, Ch. 193; Barford v. Street, 16 Ves. 135; Pybus v. Smith, 3 Brown, Ch. 346; Nieman v. Cartony, 3 Brown, Ch. 346, note; Sockett v. Wray, 4 Brown, Ch. 483; Anderson v. Dawson, 15 Ves. 536; Richards v. Chambers, 10 Ves. 580; Reid v. Shergold, Id. 370; Lee v. Muggeridge, 1 Ves. & B. 118; Fettiplace v. Gorges, 1 Ves. Jr. 46, 3 Brown, Ch. 8; Rich v. Cockell, 9 Ves. 369; Fenner v. Taylor, 1 Sim. 169; Methodist Episcopal Church v. Jaques, 1 Johns. Ch. 450, 3 Johns. Ch. 77; Lancaster v. Dolan, 1 Rawle, 231, 248; Acton v. White, 1 Sim. & S. 429; Ritchie v. Broadbent, 2 Jac. & W. 456, and the case of Gullan v. Trimbey, in a note; Howard v. Damiani, Id. 458; Ball v. Montgomery, 2 Ves. Jr. 199; West v. West, 3 Rand. [Va.] 373; Emery v. Neighbour, 2 Halst. [7 N. J. Law] 142.